Kanney, J.
To determine whether the declaration filed in this case is sufficient in law to enable the plaintiff to recover upon it, it becomes necessary to give a construction to several sections of part 7 of the act ,of March 23, 1840, “ To provide for the settlement of the estates of deceased persons,” relating to suits and other proceedings upon the administration bond. When eminent counsel differ so essentially in their views, it is evident that this is a work attended with some difficulty; and it is very important in a law of such constant use that the rights of creditors and others interested in the estate, as well as the liabilities of the administrator and his sureties, should be distinctly understood. I shall ^endeavor to state clearly the conclusions to which we havo arrived, without an extended elaboration of all the points raised in the argument of counsel.
The condition of the bond into which the defendant entered, required his principal, the executor, within three months after his appointment, to make and return to the court, on oath, a true inventory of all the personal property .and effects of the estate, *4 which had come to his possession or knowledge, and, if required,, an inventory of the real estate; to administer the proceeds thereof' according to law and the will of the testator; and to render upon oath, within eighteen months, and at such other times as the court, might require, a just and true account of his administration.
It is averred that the executor failed to perform any and all of these duties; that he made no return of the property of the estate;, did not administer any portion of it, and returned no account of his administration. ' But, on the contrary, he treated the property as his own ; mingled it with his own ; and finally converted it to-his own use. It is further averred that Magie & Baldwin are creditors of the estate by decree; that they have demanded payment of the debt from the executor, which has been refused; and that they have obtained leave from the probate court to put the bond in suit. It is not shown what amount of property came to the hands of the executor; whether the estate is solvent or not; or that any order of distribution has ever been made.
The only cases in which a creditor is permitted to prosecute the. bond of an executor or administrator, are prescribed in sections 182 and 18é of the law. By the first of these sections, it is provided that “ after a creditor is entitled by law to the payment of his debt from the executors or administrators, and the amount of the claim has either been admitted to be just, or allowed by them, or has been ascertained by judgment or award against them, or by an order of distribution, the bond given by them for the discharge-of their trust, may be put in suit by such creditor, if the executor or administrator shall neglect, upon demand, made by such creditor, to pay such claim.”
^Section 183 furnishes the same remedy, upon the same terms, to any legatee, widow, or other distributee.
No leave of the court, to the person entitled under either of these sections to make use of the bond, is required. The absolute right is conferred by the law; the recovery is had, and the execution issues, for his sole benefit. To entitle him to this remedy, his-claim to a certain and definite sum from the estate must be made clearly to appear, both by his allegations and proofs. His claim must be first liquidated by allowance, judgment, or award; and if the estate is insolvent, the exact sum to which he is entitled as his-pro rata share' must be ascertained and determined by an order-of distribution. But it is not enough that his claim is liquidated by *5 ■allowance, judgment, or award. Payment must be demanded, as was ruled in Woodson v. The State, 17 Ohio, 161, and this after the creditor “ is entitled by law to the payment of bis debt.” When is he so entitled ? Section 83 answers the question by prescribing the order in which debts shall be paid, and requiring it to be done when assets applicable to their payment come to the hands of the administrator; but expressly providing that “no payment shall be made to creditors of any one class, until all those of a preceding class, or classes, of whose claims the executor or administrator •■shall have had notice, shall be fully paid.”
How, then, from this declaration, can wo say that these creditors “ are entitled by law to the payment of their debts ? ”
Every word in it may be true, and still the assets of the estate may not have been sufficient to pay the funeral expenses, the allowance made to the widow and children, and preferred debts. 'Or, if not, it may still be true that the assets were insufficient to pay the whole of these creditors’ claim; in which case, by the positive requirement of the statute, the amount to which they are entitled must be determined by an order of distribution—a court ■of law having no means of ascertaining it, as will be still more apparent from section 18G, to which I shall presently refer.
*The executor may, therefore, have received assets applicable to the payment of this debt, or he may not. If he may not, consistently with the averments of the declaration, we are bound, upon the question of its sufficiency, to construe it most strongly against the pleader, and say he did not. It is only when the creditor can •aver and prove that the executor or the administrator has received •assets applicable to the payment of a liquidated demand, which, •■upon demand, he refuses to apply, that a case can be made under section 182 of the law. There is but one answer to this, and it is made by the plaintiff’s counsel. They insist that, by the breach of the bond, the executor and his sureties become liable, to the amount of the penalty, for all the debts of the estate, no matter how much they may exceed the property that came to his hands.
We are referred to no provision of the statute requiring the adoption of so hard a rule; and it is very clear that it has no foundation in general principles. The general rule is well settled, “ that in order not to deter persons from undertaking these offices, the court is extremely liberal in making every possible allowance, •and cautious not to hold executors or administrators liable upon *6 slight grounds,” and only “ as far as they had or might have had. assets of the deceased;” at the same time taking care to guard against the abuse of .their trust. 2 Williams on Executors, 1278. But if such a rule is unwarranted as to the executor, it becomes still more absurd when applied to his sureties, who are never to be-visited with penalties, and whose liability is never to be extended beyond the strict letter of the obligation into which they have-entered. 15 Pet. 208; 9 Wheat. 702; 14 Pet. 208; 17 Wend. 422, 180; 17 Ohio, 565; 20 Ohio, 97.
But if the rights of the executor and his sureties were disregarded, such a mile might be subversive of the rights of other creditors, in all insolvent estates. The amount of the bond is fixed with reference, to the property likely to come to the hands of the executor, without any regard to the amount of the debts. A single creditor might in this way *exhaust it, and thus indirectly obtain the full payment of his debt, while others equally entitled would be left without any remedy whatever.
To a doctrine thus unjust to the executor, unjust to his sureties, unjust to other creditors, and subversive of that equality amongst, creditors of the same class, which constitutes a cardinal feature of our law, we can not yield our assent.
It remains to consider whether a case is made under section 184. This section provides that “ when it shall be made to appear to the court, on the representation of any person interested in the estate of any deceased testator or 'intestate, that the executor or administrator has failed to perform his duty, in any other particulars than those above specified in the two preceding sections, the court may authorize any creditor, next of kin, legatee, administrator de bonis non, or other person aggrieved by such maladministration, to-bring a suit on the bond.”
Section 185 allows the suit to be brought in the court where the bond is filed, either at law or in chancery, and requires the proceedings to conform in either case to the further provisions of the-act.
The proper court has authorized these creditors to institute this suit; and they have alleged numerous failures of the executor to-“perform his duty” in “other particulars than those specified” in sections 182 and 183. We have already considered what would constitute a 'breach of the bond under those sections, and the language of this section is too explicit to admit of a moment’s- *7 doubt that any other breach may, by leave of the court, be prosecuted under it. The three sections taken together provide a remedy for every breach; and section 185 allows the remedy to be pursued at .law or in chancery, at the election of the party prosecuting. It is not to be presumed that the court would allow the suit to be brought, unless satisfied that the interests of the estate required it. A prima facie case must be made to obtain the leave, and it was intended in this way to guard *the executor and his sureties against groundless prosecutions and mere technical breaches without substantial injury. But when this leave is obtained, and any breach other than those sj>ecified in sections 182 and 183 is alleged, it is out of our power to say the suit can not be maintained. A case is then made, and the proceedings must conform to section 186, which provides, “ if such suit is brought at law, and it shall appear that the condition of the bond has been broken, the court shall award execution in the manner following: First, if the action is brought for the benefit of a creditor, execution shall be awarded in his name, for the amount due to him upon the order of distribution or otherwise.”
The second clause provides for a like execution in favor of a legatee, etc., if the suit is brought for his benefit.
“ .Third—If it is brought for any other breach of the condition of the bond, execution may be ordered in the name of the State, for the full value of all the estate of the deceased that shall have come to the hands of the executor or administrator, and for which he shall not satisfactorily account, and for all such damages as shall have been occasioned by his neglect or maladministration; ” and by section 187 it is provided that the money made upon such execution “ shall be paid over to the rightful executor or administrator, other than the executor or administrator sued, and shall be assets to be administered according to law.”
When is the suit “brought for the benefit of a creditor?” We answer, when the case is made under section 182. To make such case, he must show himself entitled to a specific, liquidated amount from the estate, which the executor has in his hands, and on demand refuses to pay over. Having a clear right to a specific sum of money, in his own right, the law gives him the benefit of the bond, without leave of the court, and an execution in his own name to recover it. He gets no more than the estate justly owes him; he takes nothing from the executor but the amount of assets *8 held in trust for him ; and nothing that, in any event, can belong to any other creditor.
*The suit may be brought by a creditor under section 184, for any other neglect of duty by the executor; “ but if it is brought for any other breach of the condition of the bond,” the execution must be ordered, in the name of the state, for the benefit of all interested in the estate, and for the amount of actual injury which the estate has sustained. And here, again, exact justice is done. The executor and his sureties pay no more than they ought—the estate gets no less than it ought—and each creditor gets from the common fund precisely what the law would have allowed him to get if the executor had done his duty. This construction makes the law consistent with itself, consistent with general principles, and consistent with right and justice. To decide that an action at law can not be prosecuted under section 184, by any creditor, on leave of the court, whether his debts be liquidated or not, for any breach of the bond other than those before provided for, is, in effect, to repeal it. On the other hand, to hold in such case that the execution is awarded for the benefit of such creditor, for the amouirt of his debt, is not only, in many cases, to do the most manifest injustice, but to disregard the positive provisions of section 186.
The only seeming inconsistency arises from the wording of section 187, which requires the money to be paid over and disbursed by an executor or administrator other than the one sued. No difficulty can here arise, where there is more than one executor or administrator, when separate bonds have been given ; and where it does arise, the probate court possesses full power to provide for the safety of the fund. That his removal was not contemplated as necessary to sustain the action, or even as necessarily consequent upon a recovery against him, is manifest from section 188, providing a remedy for further breaches of the bond.
If this suit is in chancery under either section, the court may, by section 192, order execution as provided in cases at law, “ or they may finally adjust and settle the estate, in whole or in part, according to the practice and rules *of proceeding in courts of chancery in like cases;” which makes this, in most cases, the preferable mode of proceeding.
While this declaration contains many redundant averments, we are of opinion that a case was substantially made under section 184, and that the court of common pleas erred in sustaining the *9 'demurrer; and for this cause the judgment is reversed and the •cause remanded for further proceedings.