### First National Bank of Newton v. Smith.

1. Principal and surety: DISCHARGE OF SURETY UNDER THE STATUTE. Where the surety under sections 1819 and 1820, of the Revision, noti‑ fies the creditor to sue, or permit the surety to sue in the creditor's name upon the contract, nothing more is required of the surety, and the creditor is left to act in response to such notice or demand; and if he fails to bring the suit within ten days thereafter, or notify the surety of his permission so to do, the surety will be discharged.

2. —— APPREHENSION OF PRINCIPAL'S INSOLVENCY. Nor is it neces‑ sary, under said section 1819, for the surety, in order to avail himself of the right to be discharged for such laches of the creditor, to show that he did, in fact, apprehend that the principal was about to become insolvent or remove from the State. The fact of such apprehensions cannot be put in issue.

3. —— OFFICIAL RELATION OF SURETY TO PLAINTIFF. Neither will the fact, where the plaintiff is a bank, that the surety was a director and stockholder therein, affect his right to be discharged upon the failure of the bank to comply with the surety's request.

*Appeal from Jasper District Court.*

FRIDAY, JUNE 26.

PLAINTIFF brought suit against defendant and one Allen, in a justice's court. Defendant set up as a

defense, that he was surety upon the note sued on, and that he had been discharged from liability thereon, because plaintiff had not sued nor permitted him to sue his co-defendant upon written request. Judgment in justice's court for defendant. Plaintiff appealed to the District Court, where judgment was rendered against defendant on the following agreed statement of facts :

First, that the plaintiffs are the owners of the note sued on    \*    \*    \*    Which is indorsed in blank to plaintiffs.

Second, that defendant Smith is only a surety on the note, and on the 22d day of July, A. D. 1867, served a notice on plaintiff, which notice is in words and figures following :

"Newton, Iowa, July 17, 1867.
"To Thomas Arthur, *Cashier First National Bank, Newton, Iowa :*

" You are hereby notified and required to sue, or permit me to sue, the note of fifty-five dollars on Thomas J. Allen, on which I am surety, given to and purchased by you of F. W. Cozad.                                S. G. SMITH."

Third, that defendant took no other steps in relation to said note, and never afterward mentioned or spoke to plaintiff about the same.

Fourth, that plaintiff placed a notice in the hands of the sheriff for service on said note, on the 8th day of August, A. D. 1867, which was served on the 12th day of said month and year.

Fifth, that defendant Smith never afterward asked to be permitted to sue, except as stated in said notice.

Sixth, that plaintiff never refused to permit defendant to sue, and never refused to allow defendant Smith to have a copy of the note, or to furnish the original, and that defendant Smith never asked for either,

Seventh, that defendant Smith is a stockholder and director of the plaintiff.

Eighth, that plaintiff never offered or tendered defendant Smith a copy of the note, nor did any act under the said notice of defendant Smith, other than to bring suit as alleged.

Ninth, that said suit was brought in a justice court and the notice given to the officer to serve long before the note was filed with the justice.

Defendant appeals to this court.

*S. G. Smith,* appellant, *pro se.*

*Winslow & Wilson* for the appellee.

BECK, J. — This case involves the construction of the following sections of the Revision:

"SEC. 1819. When any person bound as a surety for another for the payment of money or the performance of 1. PRINCIPAL any other contract in writing, apprehends that AND SURETY: discharge of his principal is about to become insolvent or surety under the statute. to remove permanently from the State without discharging the contract, if a right of action has accrued on the contract, he may, by writing, require the creditor to sue upon the same, or to permit the surety to commence suit in such creditor's name, and at the surety's cost.

"SEC. 1820. If the creditor refuse to bring suit, or neglect so to do for ten days after the request, and does not permit the surety so to do and furnish him with a true copy of the contract, or other writing therefor, and enable him to have the use of the original when requisite in such suit, the surety shall be discharged."

When the surety, under these provisions, requires the creditor to sue, or asks permission to bring the suit himself, nothing more is required of him, and the creditor

First National Bank of Newton v. Smith.

is left to act in response to the demand. It is obvious that the *permission* referred to in section 1820, which, if withheld by the creditor, operates to discharge the surety, is the permission demanded by the writing provided for in the preceding section. Having been once demanded, the demand need not be repeated. When permission is thus demanded, and refused, and the creditor does not sue within ten days, the surety is discharged. It follows that after this demand in writing is given, the surety has nothing more to do, unless he be authorized to bring the suit. If the creditor takes the ten days in which to elect whether he will himself sue, or permit the surety to bring the action, he must, within that time, at his peril, either bring the suit or notify the surety of his permission so to do.

II. It is argued that the surety must show *that he did apprehend* the principal was about to become insolvent

2. —— apprehension of principal's insolvency.

or remove out of the State at the time the notice was given. The existence of the fact of insolvency or removal was not necessary to give defendant the right to make the demand upon plaintiff. His apprehension only, of such fact was necessary; it might, in fact, not have been even well grounded, or for such cause as would create it in the minds of others. If the fact of defendant's *apprehension* can be put in issue it would involve an inquiry into his fears and thoughts — a vain thing, which will not be required.

III. It is claimed that inasmuch as defendant is a director of plaintiff, it was his duty, upon the notice being

3. —— official relation of surety to plaintiff.

given, to have taken steps for the institution of the suit or the granting to himself of permission to sue. In other words, defendant being a party to both sides of the transaction, he had the power in himself to do all that he demanded of plaintiff, and the omission or neglect of plaintiff is defendant's own wrong for which he can claim no relief. This position is

not tenable. The personal right of defendant to be discharged from the note upon failure of plaintiff to comply with the written demand, cannot be taken away by his official relation to plaintiff. It does not appear that it was his official duty to institute the suit, or that he had custody of the note, or that as an officer of the bank he was guilty of any negligence or fraud in respect to the transaction.

We are of the opinion, therefore, that the judgment of the District Court is erroneous, and it is therefore

Reversed.