THE GERMAN-AMERICAN BANK v. DENMIRE.

1. **Promissory Note**: SURETY: WHEN DISCHARGED. The holder of a promissory note, who has been served with the statutory notice by the surety thereon, must not only direct the institution of a suit upon the note, but must see that suit is actually commenced within the time fixed by statute, or the surety will be discharged.

*Appeal from Lee Circuit Court.*

THURSDAY, APRIL 20.

ACTION on a promissory note payable to James J. Brown, executed by one Hite and the defendant. The latter claimed he was surety and that he was discharged, because the plaintiff failed to bring suit thereon, or permit the defendant to do so, within ten days after notice in writing to that effect had been served on Brown. Trial to the court, a finding of facts, judgment for the plaintiff, and defendant appeals.

*Craig, Collier & Craig*, for appellant.

*Casey & Casey*, for appellee.

SEEVERS, CH. J.—The note was given to the plaintiff by Brown as collateral security, but the debt it had been given to se-
1. PROMISSORY NOTE: SURETY: WHEN DISCHARGED. cure had been discharged, and the court found the note belonged to Brown, and that he was the proper person on whom the notice to sue should be served. Prior to March 23, 1881, the plaintiff being in possession of the note, wrote a letter to a justice of the peace, intend-

ing to inclose the note therein for collection, but, by over-sight, failed to do so. The defendant wrote the plaintiff, desiring to pay the note, and was informed it was in the hands of the justice. Thereupon the defendant called on the jus-tice for the purpose of paying it, but did not do so because of the absence of the note. On the same day the defendant, without the permission of Brown or the plaintiff, and without having served any notice on them as provided by statute, caused the justice to commence an action on the note, by issuing the usual notice. On March 24th, 1881, the defend-ant was advised by counsel he should get leave from Brown to sue, and should serve him with the statutory notice. Such a notice was served on Brown on said day, and at the same time the defendant wrote the justice not to bring suit in his behalf, but said if the plaintiff desires to do so, " tell them to bring it whenever they like." When the notice was served on Brown, the note having been mislaid, the plaintiff pre-pared a bond of indemnity, forwarded the same to the justice, and directed him to bring suit on the lost note, but the justice failed to bring the suit within ten days thereafter.

The question certified by the Circuit Court, upon which it is said to be desirable to have the opinion of the Supreme Court, is whether, under the circumstances above stated, the defendant is discharged from liability.

It is provided by statute that a surety may, by the service of a written notice on the creditor, require him to bring suit or permit the surety to do so in the creditor's name, at the surety's cost. If the creditor refuses or neglects to do so, the surety is discharged. Code, § § 2108, 2109.

The plaintiff, without doubt, used due diligence in direct-ing the justice to bring suit, but we think he is chargeable with the neglect of the justice in failing to obey the direc-tions given. It is not sufficient to direct the institution of a suit, but the creditor must see it is actually commenced within the time fixed by statute. This case is in principle much like *First National Bank v. Smith*, 25 Iowa, 210.

It is said the defendant, by writing the justice not to bring suit *in his behalf*, prevented the justice from obeying the direction given by the plaintiff. The facts found do not warrant this conclusion. At most it is a mere inference, and it is said the defendant should have informed the justice he had served a notice requiring suit to be brought.

The suit brought by the defendant was without authority of the holder or owner of the note, and in no way controls the question under consideration. The defendant complied with the statute and could therefore securely wait the action of the creditor. He was not bound to inform the justice what he had done, but the duty was cast on the creditor to comply with the statute, in order to prevent the defendant's discharge.

REVERSED.