# SHEHAN v. HAMPTON.

8 942
d125 521

1. In a plea under the statute discharging a surety, when the creditor, after notice in writing, omits to proceed on the security, it is not necessary to aver that the surety apprehends that his principal is about to become insolvent, or that he was about to migrate from the State without paying the debt; nor is it necessary his apprehension of these facts, or either of them, should be set out in the notice.

2. A notice which omits to point the creditor directly to the principal, whom he is required to proceed against, or to the security, on which he is required to proceed, is of no effect, either under the statute or at common law.

3. The discharge of a surety, by means of the statutory notice, must be pleaded specially.
4. When a demurrer is improperly sustained to a plea, but the party defendant has the benefit of his defence before the jury on another plea, or the record shows he is entitled to no defence under the plea overruled, the judgment will not be reversed.

Writ of Error to the Circuit Court of St. Clair.

Assumpsit by Hampton, upon a note payable to him as executor of the estate of Joel Chandler, and made by Shehan, and also by Joel Chandler and one McCoy, neither of whom were sued in this action. The note is dated 16th September, 1840, payable one year after date.

With the general issue, the defendant pleaded a plea to this effect, viz:

" The said defendant saith *actio non*, because he says he is the surety of Joel Chandler, one of the makers of the note sued on, and that he as such surety, at, to-wit, in the county aforesaid, on the 18th day of September, 1841, gave to the said plaintiff notice in writing, according to the statute in such case made and provided, requiring the said plaintiff to sue on said note as soon as the law would permit: and the defendant in fact saith, that the said plaintiff did not, in a reasonable time thereafter, and after the same became due, commence an action on said note, and proceed with due diligence by the ordinary course of law to recover judgment for, and by execution to make the amount due by the said note; and this the defendant is ready to verify. Wherefore, &c."

The plaintiff demurred to this plea, and his demurrer was sustained.

At the trial the defendant proved the note sued on was given for the purchase of land, sold as the property of Joel Chandler, deceased, and that he was the surety for Joel Chandler, one of the makers of the note. He then proved the service of the following notice on the plaintiff, on the 18th September, 1841, viz:

*To the executrix and executors of Joel Chandler, sen. deceased.*
You and each of you are hereby notified to collect all monies due to the estate of Joel Chandler, dec'd, for which I stand as surety, as well for the lands as for the personal property of the said deceased, as soon as the law will permit, or I shall no longer stand

as surety—in which you can use your own pleasure, but at your own risk.

Your's, respectfully,                    JOHN SHEHAN.

September 17, 1841.

This the defendant offered to read, under the plea of *non assumpsit*, as a written statutory notice, under the 6th section of an act found in Clay's Digest, 532; the Court refused, because there was no special plea under which it could be given in evidence; but permitted it to go to the jury as a verbal notice to sue. The defendant excepted to the refusal of the Court to allow it to go to the jury as a statutory notice.

The overruling of the plea and the refusal of the Court to allow the notice to go to the jury as a statutory notice, is now assigned as error.

B. POPE, for the plaintiff in error, insisted,

1. That the statute (Digest, 532, § 6,) never contemplated the notice should set out the surety's grounds for apprehending loss, or a technical description of the notes, &c. which were the objects of notice. Such a construction will defeat the intention of the law-makers, as not one in ten could pursue the terms of the act. The plea is substantially in the terms of the statute, and the time alledged shows the notice was given after the maturity of the note.

2. The proof of discharge was, however, admissible under the general issue, and should have been allowed as a statutory notice.

S. F. RICE, contra, argued,

1. The statute must be construed according to its terms. This privilege is given to the surety only when he shall apprehend the insolvency of his principal, or that he is about to migrate from the State without making payment. In *every such case* the right is given, but not beyond it. The plea therefore must show the existence of the facts which authorise the notice.

2. The plea should have set out the notice actually given, so that the Court might judge if the statute was pursued. It is not sufficient to aver that the notice was given according to the statute. This is a legal conclusion, and facts are required upon which to found it. [Frazer v. Thomas, 6 Ala. Rep. 169.]

3. The notice given in the present case is clearly defective as

a statutary notice, as it does not show for whom Shehan was surety. It conveys no information to the party that he is required to sue Joel Chandler the principal. But if good, it is *no discharge* unless specially pleaded. A statutory discharge must always be pleaded. [Brown v. Hemphill, 9 Porter, 206.]

4. As a notice to sue, it was allowed to go to the jury, but such a notice only involves the enquiry into the actual injury occasioned by the omission, and here the verdict ascertains that none has been cuased.

GOLDTHWAITE, J.—1. To a full understanding of the questions on the demurrer to the plea, it is necessary to recite the statute on which it is founded. So much as is necessary for this purpose, is in these words : " When any person shall become bound as security, by bond, bill or note, for the payment of money or any other article, and shall apprehend that his principal is likely to become insolvent, or to migrate from this State, without previousiy discharging such bond, bill, or note, it shall be lawful for such security, in any such case, (provided an order shall have accrued on such bond, bill or note,) to require,in writing, of his creditor, forthwith to put the bond, bill or note, by which he may be bound as security as aforesaid, in suit, and unless the creditor so required to put such bond, bill or note in suit, shall in a reasonable time commence an action on such bond, bill or note, and proceed with due diligence in the ordinary course of law, to recover judgment for, and by execution to make the amount due by said bond, bill or note, .the creditor so failing to comply with the requisition of such security shall thereby forfeit the right whıch he otherwise would have had to demand and receive of such security the amount of such bond, bill or note."

It will be perceived, the omission to sue after the statutory notice is given, involves the entire forfeiture of the debt, so far as the surety is connected with it, wholly independent of any question of injury growing out of the delay to sue. In Bruce v. Edwards, 1 Stewart, 11, this statute was considered as cumulative merely, and did not abridge the right of the surety, by the common law, to give notice to the creditor in any other mode. It was also held, that by the common law, the omission to sue involved the discharge of the surety, if after the notice the principal became insolvent. It results therefore from this decision,

which has been recognized ever since as a correct exposition of the law, that a general notice to sue the principal is different from the notice under the statute. In the one case the surety is discharged only if he is injured by the delay, but in the other absolutely. It seems to me this calls for the strictest construction of the statute, and by its terms the discharge is allowed in two cases only, viz: when the surety apprehends his principal is likely to become insolvent, or that he is about to migrate from the State without previously paying the debt, that the surety ought to be held to express this apprehension in his notice to the creditor. If this is not required, how is the creditor to understand whether the notice is under the common law or under the statute. The majority of the Court, however, entertain a different opinion, and consider the apprehensions of the surety as matter which cannot be put in issue, and therefore need not be stated either in the notice or plea. We all concur that the plea is unexceptionable in other respects, as it substantially pursues the statute. The plea being sufficiently pleaded, in the opinion of the majority of the Court, the demurrer was improperly sustained.

2. The question upon the admission of the notice to the jury, involves two points : first, whether it is good as a statutory notice ; and second, if it is, whether it was admissible under the general issue.

Independent of my own opinion, that the notice is defective under the statute, for the reason stated in connection with the plea demurred to, we all consider it bad, alike under the statute and at common law, in not setting out that the party giving the notice is, in point of fact, the surety for Joel Chandler. Conceding that the notice in other respects, may be general, or at least with regard to the sum, date, and description of the instrument by which the surety is bound, yet, in this instance, the notice or writing gives no intimation to the creditor, that he is required to proceed by suit upon any note in which Joel Chandler is the principal debtor. The notice is too general and indeterminate in this particular, to warrant any presumption that the defendant demanded, this particular note should be put in suit. When a statute requires an individual to be designated to another, there must be sufficient information given to enable the person to be ascertained with certainty. [Chichester v. Pembroke, 2 N. H. 530.]

Shehan v. Hampton.

3. If the attempt was to relieve the surety in consequence of the omission to proceed against the principal after notice, under the common law rule, the evidence would certainly be admissible under the general issue, because that is a defence by the common law, and shows that *ex equo et bono*, the plaintiff is not entitled to his action.   [Manchester Co. v. Sweeting, 10 Wend. 162.]   But when the defence is under the statute, the omission to sue is a discharge, independent of all equitable considerations.   In this respect, it does not seem to differ from a discharge produced by the insolvent or bankrupt statutes, which must be pleaded specially.  [1 Chitty's Plead. 474.]   We therefore incline to the opinion that when this statutory notice is interposed as a bar, it can only be done by a special plea.

4. It is true a technical error was committed in sustaining the demurrer to the special plea ; but the defendant shows this error is wholly immaterial, for he produces the notice which he gave, and had all the advantage of it, as a common law notice, under the general issue, and that too, when in point of law, the notice was insufficient to let in the defence.   The jury, in effect, here declared, he has sustained no injury from the plaintiff's omission. In McKenzie v. Jackson, 4 Ala. Rep. 230, and Rakes v. Pope, 7 Ib. 162, we held there was no sufficient error to reverse the judgment, although a demurrer to pleas had been improperly sustained, if the same defence was admitted, and admissible under other pleas.   In the present case the party has had all the benefit from his defence, which under the most favorable circumstances he would be entitled to ; and it seems to us a strained presumption, to suppose he may have another written notice, which, in the event of another trial, will fit his plea.   We think the principle of the cases just cited, extend to govern this.

Judgment affirmed.