SHENANDOAH NATIONAL BANK, Appellee, v. W. L.
AYRES, Appellant.

Surety: NOTICE TO CREDITOR TO SUE: DISCHARGE. Under sections 2108
and 2109 of the Code, when a creditor, upon due notice by a surety,
fails for ten days either to sue the principal or to permit the surety to
do so, the latter is absolutely discharged, and the question of prej-
udice by the delay is immaterial. Accordingly, where there were
two principals, and at the time the notice was given by the surety the
creditor had already begun suit on the note, and had served notice
thereof upon the surety and one of the principals, but the other
principal was not served, though he afterwards accepted service and
waived time, but it was more than ten days after the notice given
by the surety, *held*, that, as to the principal last served, there was
a failure to comply with the notice, and that the surety was dis-
charged.

*Appeal from Fremont District Court.*—HON. N. W.
MACY, Judge.

WEDNESDAY, FEBRUARY 1, 1893.

ACTION on a promissory note. There was a judg-
ment for the plaintiff, and the defendant appeals.—
*Reversed.*

*W. P. Ferguson* and *Geo. E. Draper* for appellant.

No appearance for appellee.

GRANGER, J.—L. B. Latimer and C. T. Howard, as
principals, made their note to one Bowen, who assigned
the same to the plaintiff bank, and the defendant, L.
M. Ayres, signed it as a surety. On the twelfth day of
September, 1890, this suit was commenced against all
of the makers, and service obtained upon Latimer and
Ayres on the twelfth day of September, 1890. No
service was obtained on Howard. The service was

made for the November term of the court, 1890, it being too late for the September term, at which the notice, by its terms, was made returnable. On the tenth day of November, 1890, Ayres served a notice, in writing, upon the plaintiff bank that he was surety on the note; that he apprehended his principals were about to become insolvent; and requiring the bank to bring suit against all the makers, or permit him to do so in his own name, and at his own expense. The November term of the court commenced on the twenty-fifth. On the twenty-fourth of that month the bank served on Ayres a notice, as follows:

"*To L. M. Ayres, Shenandoah, Iowa.*

"SIR:—Herewith you are handed a copy of promissory note, per request, executed by yourself, C. T. Howard, and L. B. Latimer, to John Bowen, March 2, 1888, for one thousand (1,000) dollars. You are further notified that the said note is now the property of the Shenandoah National Bank, and that a suit is now pending in the district court of Fremont county, and the present owner will vigorously push the same for collection. You may proceed at your own expense, if you desire to, and, if you see fit, you may pay the same off, and the undersigned will assign the same to you, and deliver the matter over to you.

"Truly Yours,

"THE SHENANDOAH NATIONAL BANK.

"By its President, GEORGE BOGART.

"This November 22, 1890."

Thereafter, on the first day of the term, the defendant Ayres answered the petition, stating the facts as to his being surety; that he served on the plaintiff bank the notice; and that it failed for more than ten days to sue Howard, or permit him to do so, because of which he now claims that he is discharged from liability on the note. On December 1, 1890,

Howard accepted service, and judgment was taken against him at the trial.

The following are sections 2108 and 2109 of the Code:

"Section 2108. Where any person bound as surety for another for the payment of money, or the performance of any other contract, in writing, apprehends that his principal is about to become insolvent, or to remove permanently from the state, without discharging the contract, if a right of action has accrued on the contract, he may, by writing, require the creditor to sue upon the same, or to permit the surety to commence suit in such creditor's name, and at the surety's cost.

"Section 2109. If the creditor refuse to bring suit, or neglect so to do, for ten days after the request, and does not permit the surety so to do, and furnish him with a true copy of the contract or other writing therefor, and enable him to have the use of the original, when requisite in such suit, the surety shall be discharged."

We regret that we have no argument for the appellee in this case, because of its general importance. Ayres was certainly "bound as surety" for Howard. Howard, though named in the process, was not sued until he accepted service. The service of the notice by Ayres was notice to the bank that he required suit to be commenced by the bank within ten days, or that he be permitted to bring such suit in his own name. To one of these requirements he was clearly entitled. It was the right of the bank to say which he should have. If it neglected to bring suit itself, and also neglected to grant its permit to him to bring suit, for ten days, the statute says he is discharged. The bank failed in both these respects.

It is said by the appellant that the district court regarded the statute as directory, and that the surety should not be discharged, in the "absence of a showing

of injury." We are not authorized to ingraft such a provision on the statute. Its language imposes no such a burden on the surety. It assumes prejudice from the neglect. It is true that Howard accepted service, and came into court, so that judgment was entered against him at the November term of the court; but that does not aid plaintiff's case any more than it would for the holder of secured paper, after such notice, to bring suit in eleven or twelve days, although it would be for the same term of court. The party, to preserve the security, should act within the ten days. "It is so written in the law," and by the law we must be guided. This holding has full support in *Bank v. Smith*, 25 Iowa, 210. It is there said: "It follows that, after this demand in writing is given, the surety has nothing more to do, unless he be authorized to bring the suit. If the creditor takes the ten days in which to elect whether he will himself sue, he must, within that time, at his peril, either bring suit, or notify the surety of his permission so to do.

The judgment must be REVERSED.