## NEWPORT COUNTY.

### C. Adelaide Snow *vs.* Patrick H. Horgan.

A plea of general performance in an action of covenant is bad. The plea should specifically answer the declared breach.

A plea to a declaration in covenant, setting out provisions of the covenant which

are not in the declaration, omitting to crave *oyer* and not setting out the portions of the covenant essential to the plea, is bad.

A continuing guaranty is not revocable.

A creditor is not obliged to bring suit against the principal before proceeding against the surety.

COVENANT.    On demurrers to pleas.

The plaintiff conveyed by way of lease certain realty to one Attleton, and the defendant agreed under seal with the plaintiff that Attleton's covenant "contained in said lease relative to the payment of rent for the first twelve months of said term of three years, should be punctually performed without requiring from said plaintiff any notice of the non payment of any monthly instalment, or payment or proof of any demand therefor ; provided, however, that the total amount of money which the said Horgan should be liable to pay under and by reason of said covenant and guaranty should not exceed fifteen hundred dollars," as laid in the declaration.

The questions at issue are sufficiently stated in the following opinion :

*Providence, June* 1, 1893.    MATTESON, C. J.    The second plea, being merely a plea of general performance, is bad.    It should specifically and directly answer the breach of the covenant set out in the declaration.    *Almy* v. *Greene*, 13 R. I. 350, 353 ; *Commercial National Bank* v. *Gorham*, 11 R. I. 162, 165 ; 1 Chitty on Pleading, *515.

The fourth and fifth pleas are objectionable, in that they set forth provisions, not recited in the declaration, alleged to be in the lease of which profert is made, but without craving *oyer* of it and setting out the portions of it which are essential to the purpose of the plea, as the rules of pleading require.    1 Chitty on Pleading, *448 ; Stephen on Pleading, *67.

The seventh plea avers, in substance, that after the execution of the guaranty declared on and the failure of the lessee to perform the covenant, the defendant requested the plaintiff to sue the lessee to collect the rent and to eject him from the premises, and that he notified the plaintiff that he would not be liable any further on his guaranty in case she refused so

to do, and refused to deliver to him possession of the premises, and that the plaintiff did so refuse.

We do not see that these averments amount to a defence.

The guaranty was a continuing guaranty to the extent specified in it, and, therefore, not revocable. *Lloyds* v. *Harper*, L. R. 16 Ch. Div. 290, 319 ; *Calvert* v. *Gordon*, 3 Man. & Ryl. 124 ; *National Eagle Bank* v. *Hunt*, 16 R. I. 148, 151 ; *Morrow* v. *Brady*, 12 R. I. 130. The defendant's notice to the plaintiff that he would no longer be liable did not release him from liability, unless he had the right to insist on the plaintiff taking the action he requested. We do not think he had that right. The plaintiff was under no obligation to bring suit against the lessee, either for the collection of the rent or to eject him from the premises. Neither of these was stipulated for in the guaranty, the very purpose of which, so far as the plaintiff was concerned, was to avoid the necessity for a resort to her ordinary remedies against the lessee in case of default. The lease contemplated the continued occupancy of the premises by the lessee, not his ejection and the substitution of the defendant in his place as a tenant.

Moreover, at law, the general rule is, both in England and in this country, where the subject is not regulated by statute, that a creditor is not required to bring suit against the principal before proceeding against the surety. The principal and the surety are equally his debtors. It is the duty of the surety to see that the debt is paid. If he wishes that the principal should be proceeded against, his proper course is to pay the debt himself and then bring suit against the principal.

But even if the rule were as held in New York that the surety is discharged, if he requests the creditor to proceed to collect the debt from the principal, the principal being then solvent, and the creditor neglecting to do so, the principal subsequently becomes insolvent, the plea is insufficient, since it does not allege the solvency of the lessee at the time of the defendant's request to the plaintiff to bring suit for the collection of the rent, and that he has since become insolvent.

The demurrers to the second, fourth, fifth and seventh pleas are sustained and the pleas overruled.

*Darius Baker*, for plaintiff.

*William P. Sheffield, Jun.*, for defendant.