# CHARLESTON.

ARNOLD v. COLE.

Submitted June 15, 1895—Decided Dec. 9, 1896.

1. LANDLORD AND TENANT—COVENANTS ON LEASE—PLEADING—NEW TRIAL.

This was an action of covenant of A., lessor, against C., lessee. The covenants were to make and keep in lawful repair, around the farm leased, the fences, *etc.*, and pay fifty dollars for the first year and one hundred and fifty dollars for each four years thereafter, if lessee elected to hold it as such tenant for such four successive years; and a breach of each covenant was specifically averred, especially that defendant did not pay plaintiff for said farm fifty dollars for the first year and did not pay plaintiff one hundred and fifty dollars for each of the years from the 31st day of March, 1885, to the 31st day of March, 1889. Defendant pleaded that he had well and truly kept and performed all the covenants in the said writing obligatory contained, and covenants

not broken, with no special statement, in the plea, or in any account filed therewith, of when, where, or how he had paid the rent. On the trial no evidence was given of payment of rent, but that the other covenants had been performed, *etc.* The counsel for plaintiff, in closing his opening argument to the jury, claimed that plaintiff was entitled to recover the entire rent, and the court instructed the jury that, in the absence of evidence tending to show the payment of the rent, they should find for plaintiff the amount of such rents; and, the case being submitted, and the jury having retired, the jury, after some time, returned and asked that defendant, C., be recalled, and state what, if anything, he had said in his testimony about the payment of rent; and defendant, C., being present, the court admonished him to repeat what he had said when examined before, and not to say anything further on the subject, whereupon defendant, C., said, "I said that I had performed my part of the contract in every particular. I meant by that that I had done all the work required, and paid every cent of the rent." The court then, on motion of plaintiff, directed the jury to disregard the words, "I meant," *etc.* The jury retired, and in about thirty minutes brought in for plaintiff a verdict for twenty dollars, of which plaintiff complained, and moved the court to set aside the same, and grant him a new trial; but the court overruled the motion, and plaintiff appealed. *Held* to be error, and that a new trial should have been granted.

2. NEW TRIAL—PLEADING—EVIDENCE.

In an action of covenant, for covenant broken for rent due, the defendant should not be allowed to prove, and have allowed against such debt, any payment which is not so described in his plea, or in an account filed therewith, as to give the plaintiff notice of its nature; and, if such evidence is admitted on the general plea of covenants performed, to plaintiff's injury, and against his objection, it is sufficient ground for setting aside the verdict and awarding a new trial on motion of plaintiff.

3. VERDICT—EVIDENCE—NEW TRIAL.

If a verdict is without evidence to support it on a material point, except evidence improperly given to the jury by a party to the suit, such verdict should be set aside on motion of the party injured, although the court directed the jury to disregard it.

GEO. J. ARNOLD and LINN & WITHERS for plaintiff in error.

LINN & WITHERS for plaintiff in error:

I.—*Partial payments not provable without bill of particulars.* —Code, c. 126, s. 4; 9 W. Va. 358, 373.

II.—*Instruction to disregard evidence not always sufficient.*—56 Am. Rep. 816, note (100 Ind. 268); 56 Am. Rep. 815, note (92 Ind. 34); 56 Am. Rep. 812, and note p. 814.

III.—*Misconduct of Cole raises presumption against verdict.*— 22 W. Va. 44.

Andrew Edmiston and W. B. McGary for defendant in error, cited 36 W. Va. 690, 696; Bart. Law, Prac. p. 143, § 10; 33 W. Va. 29, 54; 29 W. Va. 410; 1 S. E. Rep. 582; 10 S. E. Rep. 29.

Holt, President:

In this case the defendant pleaded generally conditions performed. The general rule is that the defendant must plead specially the performance of the covenant when he desires to rely upon the same as a defense to the action, and must, in general, show specially the time and manner of performance. See *Norfolk, etc., R. Co.* v. *Suffolk Lumber Co.*, 92 Va. 413 (23 S. E. 737, 739); *Snow* v. *Horgan*, 18 R. I. 289 (27 Atl. 338); *Jones* v. *Johnson*, 10 Humph. 184; 4 Minor, Inst. pt. 2, p. 1202; *Fenwick* v. *McMurdo*, 2 Mumf. 244, 250 (arguments); 5 Enc. Pl. & Prac. 380, and cases noted; *Rearich* v. *Swinehart*, 11 Pa. St. 233; 6 Com. Dig. 128, 396; *Brown* v. *Rands*, 2 Vent. 156; 1 Chit. Pl. (16th Ed.) top page 514; Steph. Pl. 334; 1 Saund. 116, note 1. Where the declaration is in covenant for condition broken for rent, the defendant must, in order to be able to show payment, plead the payment specially, or the general issue with a brief statement of the facts. *Russell* v. *Fabyan*, 28 N. H. 543. See *Marshall* v. *Haney*, 9 Gill (Md.) 251. In debt upon an obligation conditioned that the defendant shall repair and do other things, and also pay his rent every day of payment, he can not plead performance generally, but must plead specially. 2 Bac. Abr. 607 Keilm. 95b. But I need not cite authorities on the common-law rule. Our statute (section 4 of chapter 126) rules this case on the point: "In a suit for a debt (and this is a suit, and rent due is a debt) the defendant may at the trial prove and have allowed against such debt any payment or set-off which is so described in his plea (here the plea of covenants performed) or in an account filed therewith as to give the plaintiff notice of its nature, but not otherwise." It matters not what the form of the suit may be, if it is for a debt.

84

See *Railroad Co.* v. *Jameson*, 13 W. Va. 833, 842. To this there are some apparent exceptions, such as parol admissions of plaintiff to prove payments. See *Rice's Ex'r* v. *Annatt*, 8 Gratt. 557. See *Shanklin* v. *Cressmore*, 4 W. Va. 134 (as to *assumpsit*); *Simmons* v. *Twembo*, 9 · W. Va. 358 (payment shown by surrender of land, *etc.*); and other like cases that need not be noticed, for the grounds on which they rest are not presented in the facts of this case.

Here there was not only no specification of payments to authorize proof of them, but there seems to have been no proof of any, except what the defendant got before the jury improperly, after the case had been argued and submitted; and the jury seemed to have taken for granted that it would have been both competent and decisive if defendant had stated it in his examination as a witness, and therefore they would disregard the technical rule which excluded it merely because given to them out of time, out of place, and in violation of the cautionary admonition of the judge who presided at the trial, whereas, it was not competent at any stage of the trial, under the pleadings in the case, and of such a vague and inconclusive character, not saying when, where, or how he paid it, that it only answers the purpose of furnishing an instance of the necessity of the common-law rule of requiring the plea to be special, and of the evil which dictated the statute which requires such payments to be specified, so as to give notice of their nature, on pain of not permitting them to be proved and allowed. Plaintiff, on his motion for a new trial, files his uncontradicted affidavit that, if defendant would file specifications of payments, plaintiff would be able to show that there would remain due him upward of one hundred and fifty dollars on the money part of the contract sued on.

This evidence of payment was in any view improper under the pleadings, and was calculated to change the result to plaintiff's prejudice, and therefore the verdict should have been set aside, and a new trial awarded; and the same is set aside and a new trial is awarded.