**FUTURE FASHIONS, Inc., v. AMERICAN SURETY CO. OF NEW YORK.**

District Court, S. D. New York.

Oct. 23, 1944.

Charles Sonnenreich, of New York City, for plaintiff.

Dwight, Harris, Koegel & Caskey, of New York City (Frederick W. P. Lorenzen and Caesar L. Pitassy, both of New York City, of counsel), for defendant.

COXE, District Judge.

These are motions (1) by the plaintiff for summary judgment in its favor and directing an assessment of damages, and (2) by the defendant for summary judgment dismissing the complaint.

The action is brought on two bonds aggregating $8,000, executed by the defendant and filed in this court in connection with a temporary restraining order and an injunction pendente lite against the plaintiff in a design patent infringement suit entitled Belding Heminway Company v. Future Fashions, Inc., et al., D.C., 55 F.Supp. 39. The order granting the injunction pendente lite was reversed by the Circuit Court of Appeals, and the motion for an injunction pendente lite denied. Belding Heminway Co. v. Future Fashions, 2 Cir., 143 F.2d 216. The plaintiff now seeks to recover its damages on the bonds.

The facts are not in dispute and may be stated briefly. In July, 1943, Belding Heminway Company commenced suit in this court against Future Fashions, Inc. (the present plaintiff), and another for alleged infringement of a design patent on a design for a textile fabric. On July 23, 1943, Belding Heminway Company, plaintiff in the suit, obtained ex parte an order to show cause, returnable on July 27, 1943, why an injunction pendente lite should not issue against Future Fashions, Inc. This order contained a temporary injunction restraining Future Fashions, Inc., from selling or taking orders for dresses bearing the design of the patent, and provided for the giving of security in the sum of $500 for the payment of costs and damages. Pursuant to this order, Belding Heminway Company filed an undertaking of the present defendant that Belding Heminway Company "will pay" to Future Fashions Inc., such damages not exceeding $500 as Future Fashions Inc. "may sustain by reason of the injunction, if the court finally decides that the plaintiff was not entitled thereto." This undertaking is one of the two bonds upon which the present action is brought.

On the return of the order to show cause, the motion of Belding Heminway Company for an injunction pendente lite was granted and on August 12, 1943, an order to that effect was entered restraining Future Fashions, Inc., pending the determination of the suit, from manufacturing, offering for sale, or selling dresses bearing the design of the patent, and providing for the giving of security in the sum of $7500 for the payment of such costs and damages as might be incurred or suffered by Future Fashions, Inc. if found to have been wrongfully enjoined or restrained. Pursuant to this order, Belding Heminway Company and the present defendant executed the second bond involved in the present action, in which they bound themselves "jointly and severally" in the sum of $7500 to Future Fashions, Inc., conditioned on the payment by Belding Heminway Company of "such costs and damages as may be incurred or suffered by defendant, Future Fashions Inc., if said defendant be found to have been wrongfully enjoined or restrained by said injunction."

After the issuance of the injunction and the filing of the $7500 bond, Belding Heminway Company entered into an agreement with Future Fashions, Inc., by which Belding Heminway Company consented to the sale by Future Fashions, Inc., of 234 dozen dresses then on hand, which had been made from the alleged infringing fabric. This agreement provided that the dresses should be sold only at specified prices and in des-

38

ignated towns. It also provided that Future Fashions Inc. waived all claims to damages with respect to the 234 dozen dresses in the event that it should be held that the injunctions were wrongfully issued. The agreement was subsequently changed to reduce the number of dresses affected to 100 dozen.

The defendant in its amended answer sets up three separate defenses, namely: (1) That Belding Heminway Company, the principal on the bonds, has not been made a party to the action, and there has been no assessment of damages against that company, (2) that the temporary restraining order of July 23, 1943, was never reversed or vacated, and the plaintiff has suffered no damage by reason thereof, and (3) that the defendant was discharged from liability on the bonds because the plaintiff and Belding Heminway Company, after the entry of the injunction orders and the filing of the bonds, entered into an agreement, under which the plaintiff was allowed to sell a quantity of dresses then on hand, and that this agreement was without the knowledge or consent of the defendant.

1. The first defense is plainly untenable. The $500 bond under the temporary restraining order of July 23, 1943, is merely an undertaking by the defendant alone; in it the defendant "undertakes in the sum of $500 that the plaintiff (i e., Belding Heminway Company), will pay to the defendant Future Fashions Inc. so enjoined, such damages * * * as it may sustain." There is thus a direct obligation of the defendant to pay, which may be enforced without proceeding against Belding Heminway Company. See Bowers v. American Surety Co., 2 Cir., 30 F.2d 244. The refusal of Belding Heminway Company to pay was all that was necessary to make the defendant liable on the undertaking. The $7500 bond is executed by Belding Heminway Company and by the defendant, and states that they are bound "jointly and severally." The plaintiff was, therefore, at liberty to sue either or both. Minor v. Mechanics' Bank of Alexandria, 1 Pet. 46, 26 U.S. 46, 73, 7 L.Ed. 47; Downer v. United States Fidelity & Guaranty Co., 3 Cir., 46 F.2d 733, 734.

2. The second defense is also bad. The $500 bond filed under the order of July 23, 1943, was only to cover the period of the temporary restraining order, or until the motion for the injunction pendente lite was determined. This period ended with the entry of the order of August 12, 1943, directing the issuance of the injunction pendente lite. The reversal of this latter order by the Circuit Court of Appeals not only determined that the injunction pendente lite was wrongfully issued, but that Belding Heminway Company was not entitled to the temporary restraining order.

3. The third defense presents the question whether the defendant was released by reason of the agreement between the plaintiff and Belding Heminway Company, under which the plaintiff was allowed to dispose of 100 dozen dresses then on hand bearing the alleged infringing design. The effect of the agreement was to reduce any recovery on the bond in the event that it should be determined that the injunction was wrongfully obtained. The defendant was a compensated surety, and the agreement was directly in its interest and for its benefit; this agreement did not change the defendant's basic obligation on the bond, but merely removed an item of damage which might ultimately be available to the plaintiff. Under these circumstances, it cannot be said that the defendant was discharged. Chapman v. Hoage, 296 U.S. 526, 56 S.Ct. 333, 80 L. Ed. 370; Maryland Casualty Co. v. Moore, 1 Cir., 82 F.2d 189. I do not read the New York cases as holding to the contrary on the facts of the present case. See Becker v. Faber, 280 N.Y. 146, 19 N.E.2d 997, 121 A.L.R. 1010.

4. The remaining contentions of the defendant are that there is no showing (1) that a demand was made on the defendant prior to the commencement of the action, or (2) that the plaintiff has sustained any damage. The answer to the first contention is that no demand was necessary in the absence of some requirement of the bond. George A. Fuller Co. v. Doyle, C.C., 87 F. 687, 692. United States v. Drielinger, D.C., 21 F.2d 211, 213. With respect to the second contention, the showing made by the plaintiff is sufficient to require an assessment of the damages.

The motion of the plaintiff for summary judgment in its favor, and directing an assessment of damages, is granted, with costs, and the motion of the defendant for summary judgment dismissing the complaint is denied.