John C. DAVIS, Plaintiff,

v.

UNITED STATES LINES CO., Defendant & Third-Party Plaintiff,

MURPHY–COOK & COMPANY, Third-Party Defendant.

Civ. A. No. 15964.

United States District Court
E. D. Pennsylvania.
July 18, 1957.

Milton M. Borowsky and Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

George E. Beechwood, Philadelphia, Pa., for insurance carrier, Liberty.

VAN DUSEN, District Judge.

The issue presented for decision in this case is, where a longshoreman pros-

ecutes to settlement, in a net amount[1] which exceeds the total sum of moneys which plaintiff would have been entitled to recover under the compensation provisions of the Longshoremen's and Harbor Workers' Compensation Act,[2] an action for damages against a third party for injuries suffered in the course of his employment, after he has received voluntary payment of compensation benefits from his employer's compensation insurer, is he entitled to deduct from the full amount of the subrogation claim of the compensation insurer a proportionate amount of reasonable attorney's fees and costs incident to making such settlement recovery?

Plaintiff, employed as a longshoreman by Murphy-Cook & Company, a stevedoring company engaged in discharging cargo from a vessel owned and operated by the United States Lines Company, suffered injuries during the course of his employment as a result of being struck in the back by a tub being used to remove iron ore from the vessel.

Compensation benefits of $220[3] and medical payments of $792.40,[4] or a total of $1012.40, were made promptly, regularly, and at the weekly rate prescribed by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. (hereinafter called the "Act"), to plaintiff by the Liberty Mutual Insurance Company (hereinafter called "Liberty"), the insurance carrier of plaintiff's employer, without a com-

pensation award.[5] Thereafter, plaintiff filed a notice of election to sue a third party, namely, the United States Lines Company, pursuant to § 33(a) of the Act, 33 U.S.C.A. § 933(a), and filed a complaint to recover damages for such injuries he sustained.

A compromise settlement was effected between plaintiff and the third party for the sum of $7,500 and the employer's insurance carrier, Liberty, thereafter made demand upon the third party, the United States Lines Company, for payment out of the compromise settlement of the total sum of compensation benefits and medical expenditures made in the amount of $1012.40.

Plaintiff challenged this payment to Liberty unless there was first deducted an allowance for counsel fees and costs incurred by plaintiff in obtaining the recovery against the third party. As a consequence of this dispute, the third party, the United States Lines Company, by order of court, obtained leave to deposit the said $1012.40 into court so that the court might determine whether or not the sum claimed by Liberty is subject to counsel fees and costs as claimed by plaintiff.[6]

After deducting the counsel fees and costs referred to above and after deducting the $1012.40 compensation and medical expenses paid to plaintiff by Liberty, the net amount of the recovery to the plaintiff exceeded the total sum of mon-

1. In this case, the net amount to be retained by the plaintiff is over $6,487.60, less attorney's fees and costs of this suit, as shown by this computation:

| Amount of settlement | $7,500.00 |
|---|---|
| Total amount paid by compensation insurer | 1,012.40 |
| Net amount recovered by plaintiff, less attorney's fees and costs | $6,487.60 |

The stipulation (par. 10) provides that after attorney's fees and costs have been deducted from the above net sum, the remaining figure exceeds "the total sums of monies to which the plaintiff would have been entitled * * * under the provisions of the * * * Act."

2. See footnotes 3 and 4 below.

3. See 33 U.S.C.A. §§ 906, 908, 910 and 914.

4. See 33 U.S.C.A. § 907.

5. Cf. 33 U.S.C.A. §§ 919 and 921.

6. See F.R.Civ.P. 67, 28 U.S.C. Also, in view of the admission of liability for the settlement figure of $7,500, it is clear that the court would have jurisdiction to determine Liberty's claim against defendant as garnishee for part of this sum, particularly where the construction of an Act of Congress is the legal point involved. See F.R.Civ.P. 64, the stipulation filed 6/13/57, and the unopposed allegations of the motion for leave to pay the $1,012.40 into court.

eys which the plaintiff would have been entitled to recover under the provisions of the Act.

Plaintiff and Liberty both agree, though, that Liberty has a right to reimbursement for its compensation benefits and medical payments out of the recovery for the employee's injury.[7]

■■ Because the Act manifests a Congressional intent that the compensation insurer recover the full $1012.40 under the facts of this case, an order will be entered directing payment of this sum to Liberty.[8]

■ The purpose of the Act was to assure, for the workers covered by it, the fixed payments specified, irrespective of any fault which may have caused the injury. See 33 U.S.C.A. § 904; South Chicago Coal & Dock Co. v. Bassett, 1940, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Pennsylvania Railroad Co. v. O'Rourke, 1953, 344 U.S. 334, 337, 73 S.Ct. 302, 97 L.Ed. 367. Congress included in the Act a specific section (§ 33) headed "Compensation for injuries where third persons are liable," [9] which makes clear that Congress did not intend that the injured employee was entitled to both

7. Neither the employer, Murphy-Cook & Company, nor Liberty agreed, directly or indirectly, to waive their rights of lien and their rights of subrogation.

8. Since Liberty's claim for reimbursement is based on an Act of Congress and since the principle of equity, that one who creates a fund is entitled to recover a proportionate share of his attorney's fees from those benefiting from the fund, is "appropriate only in exceptional cases" (see Sprague v. Ticonic Bank, 1939, 307 U.S. 161, 167, 59 S.Ct. 777, 780, 83 L.Ed. 1184, relied on by plaintiff), a court should not find that Congress intended to have the recovery provided for by the scheme of its Act diminished where this will not frustrate the prompt payment to plaintiff of the compensation benefits specified in the Act and where Congress has shown in this Act that it knew how to provide expressly for the persons to bear the burden of such expenses (33 U.S.C.A. § 933(e) (1) (A)), but did not expressly alter the scheme of the Act contemplated by such express provision in the case of suits instituted by the employee.

9. See 33 U.S.C.A. § 933. Section 33(a) permits the plaintiff to "elect, by giving notice to the deputy commissioner * * *, to receive * * * compensation or to recover damages against * * * third person."

Under subsection (b), when the plaintiff accepts compensation under an award in a compensation order filed by the deputy commissioner, it operates "as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

Subsection (e) then clearly outlines the distribution of any recovery made by the employer on account of an as-

signment made according to subsection (b) as follows:

"(1) The employer shall retain an amount equal to—

"(A) the expenses incurred by him in respect to such proceedings or compromise (including a reasonable attorney's fee as determined by the deputy commissioner);

"(B) the cost of all benefits actually furnished by him to the employee under section 907;

"(C) all amounts paid as compensation;

"(D) the present value of all amounts thereafter payable as compensation, such present value to be computed in accordance with a schedule prepared by the Secretary, and the present value of the cost of all benefits thereafter to be furnished under section 907 of this title, to be estimated by the deputy commissioner, and the amounts so computed and estimated to be retained by the employer as a trust fund to pay such compensation and the cost of such benefits as they become due, and to pay any sum finally remaining in excess thereof to the person entitled to compensation or to the representative; and

"(2) The employer shall pay any excess to the person entitled to compensation or to the representative."

Subsection (f) deals with the situation where the employee elects to sue the third party, as follows:

"(f) If the person entitled to compensation or the representative elects to recover damages against such third person * * * the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the amount recovered against such third person."

compensation, as computed in the Act, from his employer and damages from third parties. See The Etna, 3 Cir., 1943, 138 F.2d 37, 40;[10] Fontana v. Pennsylvania R. Co., D.C.S.D.N.Y.1952, 106 F.Supp. 461, 463, aff'd sub. nom. per curiam, Fontana v. Grace Line, Inc., 2 Cir., 1953, 205 F.2d 151, certiorari denied 1953, 346 U.S. 886, 74 S.Ct. 137, 98 L.Ed. 390.[11] As clearly stated in these cases, it has been consistently held that a reading of the Act as a whole, including § 33, requires the conclusion that any recovery, which is in excess of the payments provided for in the Act, by the employee as a result of an action instituted against a third party "must first go to reimburse it (the subrogated insurance carrier of the employer) for amounts already paid out" (parentheses added). Czaplicki v. The Hoegh Silvercloud, 1956, 351 U.S. 525, 532, 76 S.Ct. 946, 950, 100 L.Ed. 1387.[12] This construction of the Act has been based by the court in part on the terms of subsection 33(e) (1) (A) (see footnote 9 above), providing that an employer may retain from any recovery by him against a third person "the expenses incurred by him in respect to such proceedings or compromise (including a responsible attorney's fee as determined by the deputy commissioner)." [13]

10. In the Etna case, the court used this language at p. 40 of 138 F.2d:

"As we have seen, Sec. 33(a) gives the injured employee a right to elect either 'to receive * * * compensation or to recover damages against [a] third person' where the injury for which compensation becomes payable is the fault of a third person. But Sec. 33(a) does not provide that the employee shall have a right to both compensation from his employer and damages from responsible third persons. This, it seems to us, is an implicit recognition that the employer has a right to reimbursement for his outlay under the Compensation Act out of his employee's adequate recovery from a third person in all cases regardless of whether the employer has become the assignee of the employee's right of action against a third person by paying compensation 'under an award' or has paid the compensation 'without an award'—a procedure which the Act expressly directs employers to follow. See Sec. 14(a). The case of Chapman v. Hoage et al., 296 U.S. 526, 528, 56 S.Ct. 333, 80 L.Ed. 370, appears to recognize that a right of subrogation, incident to the relationship of employer and employee, where a third person has been made to answer in commensurate damages for inflicting the compensable injury attaches because of the employee's acceptance of compensation."

11. In the Fontana case, the court stated at p. 463 of 106 F.Supp.:

"A further compelling consideration which may not be ignored is that the entire scheme of the Act negates any theory that an injured employee is entitled to both compensation from his employer and damages from third parties. The Act imposes an absolute, but limited, liability on the part of the employer to pay compensation, and medical, hospital, nursing and other related benefits, which are exclusive and in place of all other liability of the employer. American Mutual Liability Ins. Co. v. Matthews, 2 Cir., 182 F.2d 322. The employee, however, is given the option to sue for full compensatory damages any third party, other than the employer, whom he claims may be liable for his injuries. He is given the choice of election but he may not have both compensation from his employer and damages from third parties."

12. Although the Congressional Committee Reports concerning the Act and the 1938 Amendment of § 33 (see House Report 1190, House Report 1767, and Senate Report 973 of the 69th Cong., 2nd Sess.; House Report 1945 and Senate Report 1988 of the 75th Cong., 3rd Sess.) are not helpful on the issue presented by this case, Representative O'Connor of New York made the following statement at the time the Act was considered by the House of Representatives:

"The gentleman from Virginia (Mr. Bland) has criticized the provisions of this bill relating to injuries caused by third parties. Again he loses sight of the fact that it is the usual provision in compensation bills and that the employer has a right of subrogation against the third party." (Matter in parentheses added.)

See page 5413, Vol. 68, Part 5, Congressional Record-House, 69th Cong., 2nd Sess.

13. The courts have pointed out that the failure to specifically repeat this language in § 33(f) of the Act is not significant.

In view of the language, and the appellate court construction, of the Act as summarized in the preceding paragraph, the hearing judge concurs in the conclusion of Fontana v. Pennsylvania R. Co., supra, that there may be no deduction from the subrogation claim of the compensation insurer of any part of the attorney's fees and costs incident to the employee's recovery against the third party. In that case, the court said at pages 463, 464 of 106 F.Supp.:

> "Thus, (under subsection (e) ), the Act treats the recovery (by the employer) as a fund charged first with the expense of the litigation and then with the amounts paid for compensation and medical expenses and the employee becomes entitled only to any excess finally remaining. There is no reason why a recovery obtained against the third party by the employee rather than the employer should be distributed differently. The expense of securing the recovery is, as in equity it should be, a first charge against the fund itself. As such it is immaterial whether the fund was created in a suit brought by the employer or one brought by the employee." (Matter in parentheses added.)

Cf. The Etna, supra, 138 F.2d at pages 40 and 41; Miranda v. City of Galveston, D.C.S.D.Tex.1954, 123 F.Supp. 889, 993.

The various state statutes cited by plaintiff which have been recently amended to provide for the deduction of the expenses of suit or attorney's fee from the subrogation claim of the employer or his insurance carrier, have no bearing on the intent of Congress in enacting the provisions of this Federal Act and such amendments emphasize that plaintiff's remedy lies in the power of Congress. See Travelers Insurance Company v. Cardillo, 2 Cir., 1955, 225 F.2d 137, 143.

### Order

And now, July 18, 1957, it is ordered that the Liberty Mutual Insurance Company, compensation carrier for Murphy-Cook & Company, third-party defendant herein, be paid the sum of $1012.40, deposited in this court pursuant to an order of September 13, 1956, without any deduction for counsel fees and costs as claimed by John C. Davis, plaintiff.

---

See, for example, cases referred to in footnotes 10 and 11 above and Voris v. Gulf-Tide Stevedores, 5 Cir., 1954, 211 F.2d 549, 553. Cases such as Voris v. Gulf-Tide Stevedores, supra, are clearly distinguishable since the net recovery for the injured employee's representative did not equal the compensation payments specified in the Act. See 33 U.S.C.A. § 933(f) and Chapman v. Hoage, 1936, 296 U.S. 526, 528, 56 S.Ct. 333, 80 L.Ed. 370, making clear that Congress intended the employer to remain liable to the extent net recovery from a third party did not equal the compensation payments specified in the Act.