# CHARLESTON.

### A. L. ANDERSON v. TOWN OF FRIENDLY *et als.*

Submitted September 1, 1920.        Decided September 7, 1920.

1.  STATUTES—*Clerical Errors in Statute Disregarded or Read as Corrected.*

    Clerical errors in a statute will be disregarded, or read as corrected, where the true intention of the legislature is manifest from the language used, and the purpose sought to be attained.   (p. 555).

2.  MUNICIPAL CORPORATIONS—*Statutory Provision for Forfeiture and Dissolution Apply to All Incorporated Under Certain Act.*

    The provisions of chapter 54 of the Acts of 1907 prescribing the grounds for, and the methods by which the charters of municipal corporations may be forfeited, and the same dissolved, apply to all municipal corporations incorporated under the provisions of chapter 47 of the Code as amended.   (p. 555).

    (WILLIAMS, PRESIDENT, absent).

Certified Questions from Circuit Court, Tyler County.

Proceeding by A. L. Anderson against the Town of Friendly and others for forfeiture of its charter and for dissolution of its municipal corporation thereby created. Demurrer to petition sustained and question certified.

*Reversed; demurrer to petition overruled.*

*Underwood & Moore,* for plaintiff.
*M. H. Willis,* for defendants.

RITZ, JUDGE:

The Town of Friendly was incorporated by the Circuit Court of Wetzel county under the provisions of chapter 47 of the Code, on the 18th day of April, 1898, and since has had continuous succession as a municipal corporation.

Since the incorporation of said town § 2 of chapter 47 of the Code has been amended by chapter 41 of the Acts of 1901, and chapter 54 of the Acts of 1907, and it is the proper construction

of the provision contained in chapter 54 of the Acts of 1907 that is involved here. The amendment of said § 2 made by said chapter 54 of the Acts of 1907 provides the method for dissolving municipal corporations. The provision in that regard is as follows: "Any city, town or village heretofore incorporated under the provision of said chapter forty-seven of said acts of one thousand nine hundred and one, or which shall hereafter be incorporated under the provisions of this act, and which has no bonded indebtedness, and which shall fail for one year to exercise its corporate powers and privileges, or which has not twenty legal voters residing therein, or in which there were not twenty legal votes cast at its last election, or the population of which shall be reduced below seventy-five persons and so remain for six months, shall in either event thereby forfeit its charter so granted, and all rights, powers and privileges so conferred to such town, city or village. And the circuit court of the county where any such city, town or village is located within this state shall have jurisdiction to hear and determine all matters relating to the forfeiture and dissolution of all such charters granted as hereinbefore provided, upon the petition of one or more of its inhabitants, or any ten freeholders of the county wherein such city, town or village is located, to annul and declare forfeited such charter and shall dissolve the corporation."

The petition in this case avers that at the last election held in said town for the selection of municipal officers less than twenty votes were cast, for which reason petitioner is entitled to have the charter of said town declared forfeited, and the municipal corporation thereby created dissolved. The demurrer to the petition is upon the ground that the provisions of the law in regard to the dissolution of municipal corporations, in the manner here attempted, do not apply to the defendant, the contention being that only such corporations as were created since the passage of the Act of 1901 are affected by the provisions of the Act of 1907. It will be observed that the Act of 1907 is entitled, "An Act to amend and re-enact section two of chapter forty-seven of the code, as amended by the acts of one thousand nine hundred and one, chapter forty-one, relating to the incorporation of towns, cities and villages, and providing

for the forfeiture and dissolution of charters heretofore and hereafter granted." In the language of the Act itself it will be observed that it is provided that any city, town or village heretofore incorporated under the provisions of said chapter 47 of said Act of one thousand nine hundred and one, etc. Now chapter 47 of the Acts of the Legislature of one thousand nine hundred and one does not in any way relate to municipal corporations, but is an act pertaining to the Industrial Home for Girls, so it is patent that there is a clerical error in this act, the contention of the petitioner being that the act must be read as applying to any municipal corporation chartered under said chapter 47, meaning chapter 47 of the Code, or said Acts of one thousand, nine hundred and one, or which should thereafter be incorporated under the provisions of said Act, and that being read in this way it becomes a comprehensive statute and provides a procedure for the dissolution of municipal corporations applicable to all such corporations existing under the provisions of general law; while the defendant contends that where said act refers to chapter 47 it should be read chapter 41 of the Acts of one thousand, nine hundred and one. It is perfectly apparent that a clerical error was made at sometime during the process of the enactment of this legislation, for a part of it is perfectly meaningless as it stands. It is a rule of construction that where the intention of the legislature is manifest from the act itself when properly construed in connection with the subject matter, mere clerical errors will be disregarded, or the act read as if they did not exist. *State* v. *Cross,* 44 W. Va. 315. It is apparent that the legislature by the enactment of this amendment of § 2, as provided by chapter 54 of the Acts of 1907, intended to provide a speedy and easy method whereby the charters of small villages and towns might be annulled and the corporations dissolved for the causes therein prescribed. The title of the act clearly indicates an intention to make its terms apply uniformly to all municipalities incorporated under general law, for it makes one of its purposes the provision for the forfeiture and dissolution of all such charters heretofore or hereafter granted. There is not the slightest indication that the legislature intended this to apply to some of such corporations and not to others. The construction contended for by the

defendant does not limit its application to such corporations as were created after the passage of the Act, but would limit its application to such corporations as were created after one thousand nine hundred and one.   No reason is apparent why the legislature should make this act applicable to such municipal corporations as were created after that date, and not applicable to those created theretofore.   Then, too, the legislature is required to provide for municipalities with a population of less than two thousand by general laws, and it might be that a law which only applied to some corporations would be inimical to that constitutional provision.   However this may be, we are clearly of the opinion that this statute applies to all municipal corporations holding charters under the provisions of chapter 47 of the Code as amended at whatever time such charters may have been granted.   It is perfectly apparent that a clerical error has been made at sometime during the enactment of chapter 54 of the Acts of 1907, by reason of which the word "or" has been changed into the word "of".   Giving to the Act its natural and logical effect, considering the purpose which the legislature had in view, it applies to all municipal corporations organized under said chapter 47 (meaning chapter 47 of the Code), or said Acts of one thousand nine hundred and one or which should thereafter be incorporated under the provisions of the law as then amended.   This construction makes the law apply uniformly to all corporations of the same class, while any other construction would necessarily attribute to the legislature an intention to discriminate between municipalities in the same class, a purpose which it will not be presumed that body had unless the same is clearly expressed.

We are, therefore of opinion that the demurrer to the petition should have been overruled instead of sustained, as was done by the circuit court, and we answer the question certified accordingly.

*Reversed; demurrer to petition overruled.*