**MARLIN v. CARDILLO, Deputy U. S. Employees' Compensation Com'r, et al.**

No. 6899.

United States Court of Appeals for the District of Columbia.

Argued Nov. 15, 1937.

Decided Jan. 10, 1938.

Rehearing Denied Feb. 15, 1938.

F. Regis Noel and Frank R. Long, both of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., Allen J. Krouse, Asst. U. S. Atty., and Morris Simon, Lawrence Koenigsberger, and Eugene Young, all of Washington, D. C., for appellees.

Before GRONER, STEPHENS, and MILLER, Associate Justices.

GRONER, J.

Petitioner applied to the District Court for a mandatory injunction to require the deputy compensation commissioner to make an award of compensation in her favor. Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., made applicable to the District of Columbia, Act of May 17, 1928, 45 Stat. 600, D.C.Code 1929, T. 19, §§ 11, 12, 33 U.S.C.A. § 901 note.

Petitioner's husband, William E. Marlin, was an employee of Mutual Life Insurance Company of Baltimore. His work was in the District of Columbia, and appellee New Amsterdam Casualty Company was the insurance carrier. Marlin was killed in an automobile accident February

25, 1935. The commissioner found that the injury arose out of and occurred in the course of his employment and that petitioner, as surviving widow, was entitled to compensation. Notice of death was duly given, and on July 9, 1935, petitioner filed notice of her election to sue one P. H. Oickle, reserving the right under section 33 (f) of the act, 33 U.S.C.A. § 933 (f), to any deficiency between the sum recovered and the amount allowable under the provisions of the act. Petitioner then commenced her action, but on February 3, 1936, without obtaining the consent of the employer or the carrier, settled and compromised it for $1,995.00. A verdict and a judgment entered in her favor were duly marked satisfied. On February 8, 1936—just a few days after the compromise settlement—petitioner filed with the commissioner her claim for compensation under the act. On this state of facts the commissioner decided that petitioner was barred from any other or further remedy against the employer or carrier by reason of the provisions of section 33 (g) of the act, 33 U.S.C.A. § 933 (g).

The question, therefore, is whether a claim for compensation under the act is barred by a settlement between the claimant and an alleged third party wrongdoer, made without the consent and agreement of the employer or insurance carrier—which settlement includes the entry of a judgment for an agreed amount and its satisfaction of record.

The applicable provisions of the compensation act are contained in section 33, 33 U.S.C.A. § 933.[1] The purpose of the act is to give to the injured employee or in the event of his death to his dependents, (a) the compensation provided by the act or (b) the amount recovered from a third party, whichever is the greater. The compensation benefits, however, are subject to the condition that, if the injured or the dependent desires to prosecute a claim against a third party, he must give notice of his election so to do under section 33 (a) of the act, 33 U.S.C.A. § 933 (a). When he has done this and prosecuted his claim to a conclusion, if the recovery is less than the amount payable under the act, the employer must under section 33 (f) pay the difference. If the claimant elects not to sue the third party but to take compensation, the employer is given by the act an assignment of the rights of the claimant against the third

---

[1] "Compensation for injuries where third persons are liable.

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person, whether or not the person entitled to compensation has notified the deputy commissioner of his election. * * *

"(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding.

"(e) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

"(1) The employer shall retain an amount equal to—

"(A) The expenses incurred by him in respect of such proceedings or compromise (including a reasonable attorney's fee as determined by the deputy commissioner).

"(B) The cost of all benefits actually furnished by him to the employee under section 907 of this chapter. * * *

"(f) If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the commission of his election and institutes proceedings within the period prescribed in section 913 of this chapter, the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the commission determines is payable on account of such injury or death over the amount recovered against such third person.

"(g) If a compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this chapter, the employer shall be liable for compensation as determined in subdivision (e) only if such compromise is made with his written approval."

party and may institute suit and take the recovery, subject only to the payment to the claimant of any excess above the amount which the employer is required to pay. This brings us, then, to section 33 (g)—the part of the act vital in this case. This provides that, if the claimant elects to sue and thereafter compromises his claim, the employer shall not be liable for any difference between the amount of settlement and statutory compensation unless he consents in writing to the terms of the compromise. And here that is precisely what the employer did not do.

But petitioner insists that section 33 (g) should be construed to bar her claim only where it is shown that the employer or carrier has sustained damage or is prejudiced by the settlement. To sustain this she relies upon Chapman v. Hoage, 296 U. S. 526, 56 S.Ct. 333, 80 L.Ed. 370. In that case the employee had been injured in the course of his employment in a collision between a truck and a street car. He elected to and did sue the street car company and obtained a judgment in his favor. This court reversed the judgment on the ground that the evidence established no negligence on the part of the street car company but did establish Chapman's contributory negligence, and we remanded the case for a new trial, as we were obliged to do. During the pendency of the appeal the employee's main witness had died, and this fact added to his difficulties. With a decision in this court against his right of recovery and with no new evidence to strengthen his position, he had no alternative but to dismiss the action, and this he did, and then claimed compensation. The insurance carrier resisted on the ground that Chapman, having elected to sue, had failed to pursue his remedy to final judgment and therefore was barred. On appeal this court—two judges dissenting—sustained the position of the carrier. The Supreme Court reversed, holding that the carrier was not released from its obligation to pay the prescribed compensation, because the particular facts as we have related them showed that the dismissal was not prejudicial to the carrier. The reason of this is that there is nothing in the statute to prevent the discontinuance, by the employee or by a dependent, of a suit begun pursuant to an election to sue a third party. Hence, for the discontinuance to bar compensation some prejudice to the employer or carrier therefrom had to be shown. But the court was also careful to

point out (296 U.S. 526, at pages 528, 529, 56 S.Ct. 333, 80 L.Ed. 370) that by the very terms of section 33 (g) the making of a compromise without the employer's consent does foreclose the employee's right thereafter to claim compensation.

If petitioner, having brought an action against Oickle, had found prior to the trial, as she now claims, that a witness on whom she relied could no longer be depended on to sustain her action and had then notified the insurance carrier of her determination to dismiss the action and claim compensation, all her rights under the act would have been preserved. In that case, the statute of limitations not having run, the employer and carrier would have been subrogated to all her rights against the third party, and the situation of the parties would have been the same as if no election to sue had been made. All this is clearly and correctly decided in American Lumbermen's Mutual Casualty Company v. Lowe, 2 Cir., 70 F. 2d 616.

But what happened here is wholly different. The thing petitioner did is the thing which paragraph (g) of section 33 says cannot be done except by surrendering all further claim against the employer. The language used by Congress is so definite and unmistakable in its purpose that to read into it, as petitioner would have us, the proviso that it is to apply only if the carrier is damaged by the compromise, would be a usurpation of legislative power, and in this view it is not for us to inquire whether there is a good reason or not for desiring the rule to be as petitioner insists, for we are impelled by the plain terms of the act to apply it as it is written.

Second. Petitioner calls our attention to the fact that section 33 (g) reads that "the employer shall be liable for compensation as determined in subdivision (e) only if such compromise is made with his written approval," and points out that section 33 (e), 33 U.S.C.A. § 933 (e), refers entirely to the manner of distribution of the amount recovered by the employer where he obtains an assignment and secures a judgment or compromises the claim, and does not relate to the liability of the employer for the excess of compensation over the amount of the recovery. And all this is true. The fact was noticed by the First Circuit in Jarka Corporation v. Monahan, Deputy Commissioner, 62 F. 2d 588, and that court expressed the view

that the use of (e) rather than (f) was obviously a mere clerical error. And that this is correct, is too clear to doubt. The reference to (e) in the section makes it unintelligible, whereas a reference to (f) would have been consistent with the obvious intent of the language used. In these circumstances we think that where, as here, the purpose of the Legislature is manifest but would be defeated by a literal adherence to the terms of the mistaken reference, it is the duty of the court to correct the error—for it is a well-settled rule of construction that the letter of a statute will not be followed when it leads to an absurd conclusion or a meaningless result. Neutzel v. Ryans, 184 Ky. 292, 211 S.W. 852; Coney v. City of Topeka, 96 Kan. 46, 149 P. 689; Tatlow v. Bacon, 101 Kan. 26, 165 P. 835, 14 A.L.R. 269; Anderson v. Town of Friendly, 86 W.Va. 554, 104 S.E. 48. See, also, Sinclair v. United States, 279 U.S. 263, 296, 49 S.Ct. 268, 272, 73 L.Ed. 692.

Section 33 deals exclusively with compensation for injuries where third persons are liable. It covers the whole field; and beyond all possibility of doubt subsection (g) was designed to protect the rights of an employer in the situation where the employee or his dependent, having elected to seek recovery against a third party wrongdoer, compromises the claim and releases the third party without the employer's consent. A showing of damage—or of the absence of it—is beside the point in such a case. Petitioner, having compromised and settled her claim against the third party without the approval of the employer or carrier, is not now in a position to demand anything more—if for no other reason—because the statute clearly says so.

Affirmed.