## CITY OF GALVESTON v. MIRANDA et al.
### No. 14369.

United States Court of Appeals
Fifth Circuit.

June 26, 1953.

Williams & Thornton, E. H. Thornton, Jr., R. Richard Thornton, Bryan F. Williams, Galveston, Tex., for appellant.

Burris, Benton, Baker & Zwiener, F. Fox Benton, Houston, Tex., proctors for 48 libellant-appellees.

Barker & Barker, Armstrong, Bedford & Lambdin, Owen D. Barker, Griffith D. Lambdin, Galveston, Tex., proctors for 94 libellant-appellees.

Royston & Rayzor, M. L. Cook, Galveston, Tex., proctors for Texas Employers' Ins. Ass'n and another.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Filed by numerous employees of Southern Stevedoring Co., Inc., who had become sick while trimming a cargo of grain, received from elevator B into holds 2 and 4 of the Steamship Lipscomb Lykes, the libel sought to recover from the City of Galveston, as owner and operator of the elevator, damages the libellants had sustained. Pleading many specific negligent acts and omissions and also *res ipsa loquitur,* the claim of the libel in substance was that, in violation of its duty of due care, the city, in fumigating the stored grain with Weevilcide, a noxious and poisonous fumigant had used excessive quantities thereof, thereby endangering the life and health of those working on the vessel and proximately causing libellants' injuries.

Texas Employers Insurance Association, which, as insurer of Southern Stevedoring Company, Inc. had paid compensation to the libellants and had been made respondent by them because thereof, appeared by answer and cross-libel. Setting out the sums it had paid as compensation carrier, it sought by subrogation to recover these sums and expenses from the City and the libellants out of such amounts as libellant might recover from the City.

The City, admitting generally the allegations of fact as distinguished from the conclusions in the libel, or, putting it another way, the statements in the libel of what had actually occurred as distinguished from the conclusions of the libel, and, denying that Weevilcide, the fumigant it used, was dangerous and noxious if properly and carefully used, specifically denied that it had used the fumigant carelessly and pleaded the care and caution it had exercised generally and in this particular case.

As further defenses it pleaded: (1) that the deputy commissioner had in fact, if not in form, made an award in favor of libellants which was a bar to libellants' third party action against it; and (2) estoppel by judgment and *res judicata* arising out of the findings and judgment in cause No. 74,635, Hill v. City of Galveston, a suit brought in the State Court by two of the employees in which it was determined that the City was not negligent, and it was exonerated from liability. See Tex.Sup., 246 S.W.2d 860.

Finally alleging that Southern Stevedoring Company, Inc. had been negligent in permitting its employees to continue to work the ship without advising the City that they were becoming ill or had discovered noxious odors in the hold and that its acts in so doing constituted an intervening responsible cause which relieved the City from liability, or if this was not so, gave it an action over, the City sought to implead Southern.

The district court dismissed the impleading petition, and the cause proceeded to trial. Voluminous testimony was taken on all the issues, and, the evidence concluded, the district judge found that the respondent City was negligent as charged and that its negligence was the proximate cause of the injuries.

He also rejected the City's defense of *res judicata* and estoppel by judgment and its claim that the commissioner had made an award of compensation which precluded the libellants from suing, and entered his decree establishing the City's liability.[1]

1. "The above entitled and numbered cause came on for trial on the 14th day of April, 1952, and libellants appeared in person and by their proctors, respondent, City of Galveston, appeared by its proctors and, respondent, Texas Employers Insurance Association appeared by its proctors, and the evidence on the issues considered by the Court having been fully developed and presented to the Court, and it having been agreed by all parties with the Court's approval (stipulation dated April 14, 1952,] that the question of contributory negligence of each of the libellants, together with the question of the extent of the injuries, if any, suffered by each libellant, and the amount of damages, if any, each of said libellants

The City, appealing from the decree by giving notice and by petition for appeal, came here insisting that, for the many reasons it assigned, the judgment was wrong and must be reversed. Before, however, the cause was submitted here, the City and the individual plaintiffs settled and compromised all their controversies, and, upon the joint motion of libellants and City, the appeal as to all the individual libellants was dismissed.

Thereupon appellee, Texas Employers Insurance Association, filed a petition in this Court setting out in summary all that had gone before. Included therein were: a copy of that part of the decree[2] awarding it subrogation to, and payment out of, the recoveries made by libellants; a copy of the joint motion by City and libellants to dismiss the appeal and of the order dismissing the appeal, a copy of the settlement agreement with its provision indemnifying libellant against claims of the Texas Employers Insurance Association et al.; and a copy of the motion for judgment which Texas Employers had filed in the trial court based upon its claim that as a result of the dismissal by the City of its appeal, the judgment below in favor of the libellants had become final and all the issues brought up by the appeal had been rendered moot.

Insisting that on the basis of that showing without more, it was entitled to a judgment against the City, the individual settling libellants and their proctors for all amount due it, it moved for a judgment in accordance with its prayer.[3]

The City and the individual libellants opposed this motion and the Court taking it with the cause deferred decision on it until the submission on the merits.

---

2. is entitled to, should be severed for trial and determination at a later date and that the case should be tried as to all other issues at said hearing commencing April 14, 1952, the Court pursuant to said stipulation having tried and determined all issues except said issues so specifically severed made and filed its findings of fact, conclusions of law and order for judgment on July 16, 1952, which reads as follows:

" 'Judgment for Libellants, as per findings of Fact and Conclusion of Law filed. Clerk will notify counsel to draw and present appropriate Decree within five days.

" 'TMK'

"And it being the opinion and conclusion of the Court, as is more fully set forth in the findings and conclusions filed as aforesaid, that recovery herein by libellants and by Texas Employers Insurance Association against the City of Galveston is not barred under the evidence by the pleas of the City of Galveston of estoppel by judgment and res judicata or by reason of libellants' acceptance of compensation under an alleged award of a deputy commissioner under the Longshoremen's and Harbor Workers' Compensation Act or by reason of any other plea or defense plead and urged by the respondent, City of Galveston, except the defense severed for trial and determination at a future date;

"It is therefore ordered, adjudged and decreed by the Court that the City of Galveston is liable to each libellant for damages in such amount, if any, as may be determined upon the trial hereafter of the issues severed pursuant to the above mentioned Stipulation of April 14, 1952, and that the adjudication of liability for costs and the assessment thereof await the further judgment of this Court.

"It is further ordered, adjudged and decreed that respondent, Texas Employers Insurance Association, is entitled to recover out of the amount, if any, which may be awarded and adjudged to be due by respondent, City of Galveston, to each libellant, the sum of the compensation paid to such libellant, and of the medical, doctors' and hospital expenses reasonably incurred for treatment of such libellant and any other amounts, if any, to which Texas Employers Insurance Association may be entitled under the terms and provisions of the Longshoremen's & Harbor Workers' Compensation Act, [33 U.S.C. A. § 901 et seq.] an adjudication as to the amount or amounts, if any, to which said respondent may be entitled to await further judgment of this court."

2. This provided: It "is entitled to recover out of the amount if any which may be awarded and adjudged to be due by respondent City of Galveston to each libellant, the sum of compensation paid to such libellant." etc.

3. This was: (1) that the appeal be dismissed as moot as to Texas Employers Ins. Assn., (2) the judgment of the trial.

At that time, appellee Texas Insurance Association urged upon us: that under settled law, there was but one cause of action against the City as third party *tort feasor;* that this cause of action was vested in the libellants for themselves and for the benefit of the Association; and that the dismissal of the appeal as to these libellants and the execution of the settlement and indemnity agreement made the decree below final as to the City's liability. So urging, it insisted that the action of the City and the libellants in making settlement and in dismissing the City's appeal had rendered moot all issues raised for determination by the appeal, and made the judgment below final upon the question of the City's liability, and that this Court should so adjudge and decree. We agree that this is so.

The City opposing this view, insists: that the settlement and dismissal of the appeal had no effect upon the judgment and the appeal from it as to its liability to appellee Texas Employers. It insists, too, that there remains for disposition its claim that the Court erred in dismissing the petition of the City to implead Southern Stevedoring, Inc. We can not agree.

The order, as to Southern Stevedoring, Inc., of which appellant complains, was entered on May 29, 1951, and no notice of appeal from that order was ever given. The only appeal in the record is an appeal from the decree of the Court entered on Sept. 10, 1952, and that decree did not dismiss the impleading petition of the City, nor did it in anywise deal with it or the issues arising thereout. The City not having appealed from the order dismissing its impleading petition, this matter is not before us for consideration.

As to the issues arising on the City's appeal, from the decree adjudging it liable, when the City by agreement with the libellant settled with them on account of the liability established by the decree appealed from, and thereupon dismissed its appeal as to them, all controversies between the City, the individual libellants, and the appellee Texas Employers Insurance Corporation were by this action rendered moot. The judgment appealed from is therefore affirmed and the cause is remanded with directions to the district judge, to proceed with the motion of Texas Employers to ascertain the amounts due the association under and by the terms of the decree and the settlements made between the City and the libellants, and to render judgment therefor in favor of Texas Employers accordingly. All costs of the appeal are taxed against the City.

Judgment affirmed and cause remanded with directions.

court be affirmed as moot as to Texas Employers; (3) that if necessary appropriate orders be issued to perfect the record; and (4) if full relief cannot be granted in this court, an appropriate order be entered directing the trial court to proceed to award full relief to the Texas Employers Ins. Corp. in a manner not inconsistent with this motion and the motion filed in the trial court.